# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**STEVEN COLE SPURLIN**                                                                 **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 4:21-CV-P106-JHM**

**CODY KROMER** *et al.*                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow others to proceed.

### I.

Plaintiff Steven Cole Spurlin, an inmate at Hopkins County Jail, brings this action against Officers Cody Kromer and Bob Winters, whom he indicates are employed by the Kentucky State Police, and Deputy Roush, whom he indicates is employed by the Hopkins County Sheriff's Department. Plaintiff sues Defendants Kromer, Winters, and Roush in both their official and individual capacities.

. Plaintiff alleges that on April 22, 2021, Defendants Kromer, Winters, and Roush mistakenly "profiled" him as another person during a traffic stop, detained him, and used excessive force. Plaintiff states that as a result of the excessive force these Defendants used against him he was taken to the hospital where it was determined that he had "left nasal bone fractures depressed left frontal bone fractures extending to the left orbital roof multiple closed posterior rib fractures 7-10 as well as shock from electro shock gun."

As relief, Plaintiff seeks damages. He also states that he seeks injunctive relief in the form of "U.S.C. 2241, U.S.C. 2254, and U.S.C. 2255."

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

#### 1. Defendants Kromer and Winters

Plaintiff's official-capacity claims against Defendants Kromer and Winters, both Kentucky State Police officers, must be dismissed for two reasons. First, state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from these state officials in their official capacities, he fails to state a cognizable claim under § 1983. Plaintiff's official-capacity claims against these Defendants also fail because claims against state officials in their official capacities are deemed claims against the Commonwealth of Kentucky and are, therefore, barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

#### 2. Defendant Roush

Plaintiff's official-capacity claim against Defendant Roush, an officer of the Hopkins County Sheriff's Department, is actually against Hopkins County. *See Kentucky v. Graham*, 473 U.S. at 166 ("Official-capacity suits . . . 'generally represent [] another way of pleading an action

against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691.

Here, Plaintiff does not allege that any harm he suffered was the result of a custom or policy implemented or endorsed by Hopkins County. Rather, it appears that it was an isolated occurrence affectingly only Plaintiff. Thus, the Court will dismiss Plaintiff's official-capacity claim against Defendant Roush for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

Upon consideration, the Court will allow Fourth Amendment excessive-force claims to proceed against Defendants Kromer, Winters, and Roush in their individual capacities. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

To the extent that Plaintiff also seeks to bring Eighth Amendment claims for cruel and unusual punishment against these Defendants, the Court finds that Plaintiff fails to state a claim upon which relief may be granted. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. Although Plaintiff indicates on the complaint form that he is now a convicted prisoner, his allegations show that he was not a convicted prisoner at the time of the alleged incident.

**C. Injunctive Relief**

Finally, regarding Plaintiff's request for injunctive relief, he cannot obtain relief under 28 U.S.C. § 2241, § 2254, or § 2255 in this § 1983 action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Moreover, a § 2255 petition is a challenge a federal sentence and is thus inapplicable to Plaintiff. Thus, Plaintiff's claims for injunctive relief will be dismissed for failure to state a claim upon which relief may be granted.

**IV.**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims against Defendants Kromer and Winters are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from Defendants who are immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's official-capacity claim against Defendant Roush, his Eighth Amendment claims, and his claims for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court** is **DIRECTED** send Plaintiff both a 28 U.S.C. § 2241 and § 2254 packet for his use should he decide to file a habeas corpus action. Plaintiff must decide which form, if either, meets his needs.[1]

---

[1] A habeas action under 28 U.S.C. § 2241 applies pre-judgment, while a habeas action under 28 U.S.C. § 2254 applies post-judgment. *See Klein v. Leis*, 548 F.3d 425, 431 n.4 (6th Cir. 2008) ("Because § 2254 applies to those held 'pursuant to the judgment of a State court . . . .' 28 U.S.C. § 2254(b)(1), a pretrial detainee ordinarily pursues habeas relief under § 2241.") (emphasis omitted).

The Court will enter a separate Service and Scheduling Order to govern the claims it has allowed to proceed.

Date: October 22, 2021

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
       Defendants
       General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
       Hopkins County Attorney
4414.011